BENJAMIN B. WAGNER
United States Attorney

LAUREN M. CASTALDI
ANNE NELSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:     (202) 514-6632
Facsimile:      (202) 307-0054
E-mail:           lauren.m.castaldi@usdoj.gov
                      anne.e.nelson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>                   Plaintiff, <br><br>             v. <br><br> STANLEY R. KRUTE, COLETTE GELINAS COWLES, STATE OF CALIFORNIA FRANCHISE TAX BOARD, SISKIYOU COUNTY <br><br>                   Defendants. | Civil No. 2:10-CV-03241-KJM-CMK PS <br><br> **STIPULATION AND ORDER REGARDING LIEN PROPERTY BETWEEN THE UNITED STATES, THE STATE OF CALIFORNIA FRANCHISE TAX BOARD AND THE COUNTY OF SISKIYOU** |

      The United States of America, the California Franchise Tax Board ("FTB"), and County of Siskiyou, through their respective attorneys, hereby stipulate and agree as follows:

      1.     This stipulation is made with regard to the following:

           a .     The parcel of real property located at 18617 Camp Creek Road, Hornbrook, California, situated in the County of Siskiyou, State of California, (hereinafter Parcel 1) and more particularly described as follows:

           Lot 33, according to the Parcel Map Survey for Mr. Jack Nathan and Mr. Joe Gorrono of a portion of Township 48 North, Range 5 West, M.D.M., filed July 21, 1970 in Parcel Map Book 1, pages 37 through 39 inclusive, Siskiyou County Recorder's Office.  APN: 041-010-320

      b.    The parcel of real property located in the Unincorporated Area situated in the County of Siskiyou, State of California, (hereinafter Parcel 2) and more particularly described as follows:

> The Northwest quarter of Section 28, Township 48 North, Range 5 West, M.D.M. Excepting therefrom the East half of the Northeast quarter of the Northwest quarter of Section 28. Together with a non-exclusive 60 foot wide road and utilities right of way over the road as shown on the Parcel Map on file in the Siskiyou County Recorder's Office in Parcel Map Book 1, pages 37 through 39. APN: 041-040-040.

      c.    The parcel of real property located in the Unincorporated Area situated in the County of Siskiyou, State of California, (hereinafter Parcel 3) and more particularly described as follows:

> Parcel 34 according to the Parcel Map Survey for Mr. Jack Nathan and Mr. Joe Gorrono of a portion of Township 48 North, Range 5 West, M.D.M., filed July 21, 1970 in Parcel Map Book 1, pages 37 through 39 inclusive, Siskiyou County Recorder's Office. APN: 041-010-330.

2. The County of Siskiyou has real property tax liens on Parcel 1, Parcel 2, and Parcel 3.

3. On the following dates, the FTB made tax assessments against Stanley R. Krute, for the tax years listed below, creating state tax liens:

| Tax Year | Assessment Date |
| --- | --- |
| 1998 | May 22, 2000 |
| 1999 | December 8, 2001 |
| 2004 | March 18, 2006 |
| 1998 | November 18, 2006 |
| 1999 | November 18, 2006 |
| 2006 | May 31, 2008 |

4. On the following dates, a duly authorized delegate of the Secretary of the Treasury made assessments against Stanley R. Krute for federal income taxes, penalties, interest, and other statutory additions for the tax years listed below, creating federal tax liens:

- 2 -

| Tax Year | Assessment Date |
|---|---|
| 1999 | June 3, 2002 |
| 1998 | November 26, 2007 |

    5.    On April 21, 2010, the Internal Revenue Service ("IRS") recorded a Notice of Federal Tax Lien against Stanley R. Krute with respect to his unpaid tax liabilities for tax years 1998 through 1999 with the County Recorder, Siskiyou County.

    6.    The United States, the FTB and Siskiyou County agree as follows:

        a.    Siskiyou County's real property tax liens are senior to and have priority over the United States' federal tax liens and the FTB's state tax liens;

        b.    The FTB's assessment against Stanley R. Krute made on May 22, 2000 for tax year 1998, plus statutory interest and penalties, which as of January 20, 2011 had a balance due of $8,747.66, as well as the FTB's assessment against Stanley R. Krute made on December 8, 2001 for tax year 1999, plus statutory interest and penalties, which as of January 20, 2011 had a balance due of $15,236.48, are senior to and have priority over the United States' federal tax liens and the remainder of the FTB's state tax liens;

        c.    The United States' assessment against Stanley R. Krute made on June 3, 2002 for tax year 1999, plus statutory interest and penalties, which as of December 31, 2010 had a balance due of $121,227.88, is senior to and has priority over the FTB's remaining state tax liens and the United States' remaining federal tax liens;

        d.    The FTB's assessment against Stanley R. Krute made on March 18, 2006 for tax year 2004, plus statutory interest and penalties, which as of January 20, 2011 had a balance due of $963.78, is senior to and has

      priority over the FTB's remaining state tax liens and the United States' remaining federal tax liens;

    e.     The FTB's assessment against Stanley R. Krute made on November 18, 2006 for tax year 1998, plus statutory interest and penalties, which as of January 20, 2011 had a balance due of $1,336.33, as well as the FTB's assessment against Stanley R. Krute made on November 18, 2006 for tax year 1999, plus statutory interest and penalties, which as of January 20, 2011 had a balance due of $2,324.98, are senior to and have priority over the FTB's remaining state tax liens and the United States' remaining federal tax liens;

    f.     The United States' assessment against Stanley R. Krute made on November 26, 2007 for tax year 1998, plus statutory interest and penalties, which as of December 31, 2010 had a balance due of $39,432.68, is senior to and has priority over the FTB's remaining state tax liens;

7.     In the event that the Court permits the sale of Parcel 1, the property will be sold free and clear of all liens of record (except local secured property taxes, which, if unsatisfied through the proceeds of the sale, survive), with the liens to follow the proceeds of the sale in the same amount and with the same priority that they had against Parcel 1.  The Order of Judicial Sale shall provide that the sale proceeds shall be distributed first to the United States to the extent of its costs and expenses of the sale and then following the priority interests of the United States, the FTB and Siskiyou County established in Paragraph 6 (including principal and interest to the date of distribution, in an amount according to proof at that time).  If the affected parties cannot stipulate to the amounts of lien, the Court may hold an evidentiary hearing to determine the amounts.

8. In the event that the Court permits the sale of Parcel 2, the property will be sold free and clear of all liens of record (except local secured property taxes, which, if unsatisfied through the proceeds of the sale, survive), with the liens to follow the proceeds of the sale in the same amount and with the same priority that they had against Parcel 2. The Order of Judicial Sale shall provide that the sale proceeds shall be distributed first to the United States to the extent of its costs and expenses of the sale and then following the priority interests of the United States, the FTB and Siskiyou County established in Paragraph 6 (including principal and interest to the date of distribution, in an amount according to proof at that time). If the affected parties cannot stipulate to the amounts of lien, the Court may hold an evidentiary hearing to determine the amounts.

9. In the event that the Court permits the sale of Parcel 3, the property will be sold free and clear of all liens of record (except local secured property taxes, which, if unsatisfied through the proceeds of the sale, survive), with the liens to follow the proceeds of the sale in the same amount and with the same priority that they had against Parcel 3. The Order of Judicial Sale shall provide that the sale proceeds shall be distributed first to the United States to the extent of its costs and expenses of the sale and then following the priority interests of the United States, the FTB, and Siskiyou County established in Paragraph 6 (including principal and interest to the date of distribution, in an amount according to proof at that time). If the affected parties cannot stipulate to the amounts of lien, the Court may hold an evidentiary hearing to determine the amounts.

10. The United States, the FTB and Siskiyou County agree to bear their respective costs related to this litigation, including any possible attorney's fees.

11. The FTB and Siskiyou County have been named as defendants under 26 U.S.C. § 7403(b). The United States claims no monetary relief against the FTB or Siskiyou County in this action. Unless otherwise ordered by the Court, the FTB and Siskiyou County are excused from further participation in this action, appearing in Court, or otherwise asserting its claim in this case. The FTB and Siskiyou County agree to be bound by the judgment in this case, which shall incorporate the terms of this stipulation and order.

The parties so agree and request an order confirming the foregoing.

Dated: March 31, 2011          By: /s/ Anne E. Nelson
                               ANNE E. NELSON
                               Trial Attorney, Tax Division
                               U.S. Department of Justice

                               Attorney for the United States


Dated: March 31, 2011          By:/s/ Dana Barton (as authorized on 3/30/11)
                               DANA BARTON
                               Deputy County Counsel
                               County of Siskiyou

                               Attorney for Siskiyou

Dated: March 31, 2011          By:/s/ Robert Asperger (as authorized on 3/25/11)
                               KAMALA D. HARRIS
                               Attorney General of the State of California

                               ROBERT E. ASPERGER
                               Deputy Attorney General

                               Attorney for the California Franchise Tax Board

**IT IS SO ORDERED.**

 DATED:  April 15, 2011

                               _____
                               **CRAIG M. KELLISON**
                               UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

    IT IS HEREBY CERTIFIED that service of the foregoing STIPULATION AND PROPOSED ORDER    REGARDING LIEN PRIORITY BETWEEN THE UNITED STATES, THE STATE OF CALIFORNIA FRANCHISE TAX BOARD AND THE COUNTY OF SISKIYOU has been made this 31st day of March, 2011, by depositing a copy thereof in the United States Mail in a postage prepaid envelope addressed to:

STANLEY R. KRUTE
18617 Camp Creek Rd.
Hornbrook, California 96044
*In pro per*

ROBERT E. ASPERGER
Deputy Attorney General
PO Box 944255
Sacramento, CA 94244
Attorney for the State of California Franchise Tax Board

DANA BARTON
Deputy County Counsel
P.O. BOX 659
205 Lane Street
Yreka, California 96097
Attorney for Siskiyou County

    /s/ Anne E. Nelson
ANNE E. NELSON
Trial Attorney, Tax Division
U.S. Department of Justice

- 7 -