**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CIV S-10-3241-KJM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| STANLEY R. KRUTE, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff brings this civil action to reduce outstanding federal tax liens to a judgment and for foreclosure of federal tax liens. Pending before the court is plaintiff's unopposed motion for summary judgment (Doc. 29).

///
///
///
///
///
///
///

1

# I. BACKGROUND[1]

The Internal Revenue Service ("IRS") made federal income tax assessments against Krute for the tax years 1998 and 1999. Despite notice and a demand for payment, Krute failed to pay the taxes due. As of November 1, 2011, Krute owed a total of $166,080.71 in unpaid federal income taxes, interest, and penalties.[2] On April 21, 2010, a delegate of the Secretary of the Treasury recorded notices of federal tax liens against three parcels of real property owned by Krute located within Siskiyou County.

# II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of

---

[1] The facts related here are derived from plaintiff's statement of undisputed facts, which plaintiff does not challenge.

[2] Interest continues to accrue under 26 U.S.C. § 6622 until the tax debt is paid.

proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

/ / /

/ / /

/ / /

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### III.  DISCUSSION

In its unopposed motion for summary judgment, plaintiff argues: (1) it is entitled to reduce to judgment the tax assessments made for 1998 and 1999; and (2) it is entitled to foreclose its liens against the three parcels of real property owned by Krute located in Siskiyou County. The court agrees. The tax assessments at issue here were properly made via certified Certificates of Assessments and Payments and Other Specified Matters (Form 4340), which are sufficient evidence of the assessments for purposes of summary judgment. See Hughes v. United States, 953 F.2d 531 (9th Cir. 1992); Koff v. United States, 3 F.3d 1297 (9th Cir. 1993).[3] Therefore, plaintiff is entitled to a judgment against Krute for the 1998 and 1999 tax years in the amount of $166,080.71, plus accrued but unassessed statutory penalties, interest, and other

---

[3] In addition, Krute failed to respond to requests for admissions served by plaintiff. As such, the admissions are deemed admitted and this alone provides sufficient evidence of the tax indebtedness at issue, as well as the propriety of service by plaintiff of various assessments.

4

additions as provided by law from November 1, 2011.

Plaintiff also argues that it is entitled to foreclose its liens against Krute's interests in the three parcels of real property located in Siskiyou County. Because it is undisputed that plaintiff has meritorious tax liens, and because it is also undisputed that Krute has property interests in the subject parcels of real property, plaintiff is entitled to the relief it requests. See United States v. Rodgers, 461 U.S. 677 (1983).

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's unopposed motion for summary judgment (Doc. 29) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE