Stanley R. Krute
18617 Camp Creek Rd.
Hornbrook, CA 96044

FILED

FEB 10 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
   DEPUTY CLERK

THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRIC OF CALIORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CIV S-10-3241-KJM-CMK |
| Plaintiff, | OBJECTION TO FINDINGS AND RECOMMENDATIONS |
| vs. | |
| STANLEY R. KRUTE, et al., | |
| Defendants | |

Dated this 8^(TH) day of February, 2012

*Stanley R. Krute* (signature)

Stanley R. Krute
18617 Camp Creek Rd.
Hornbrook, CA 96044

## I. BACKGROUND

In his FINDINGS AND RECOMMENDATIONS, dated Jan. 23, 2012, Magistrate Craig M. Kellison recommended that the plaintiff's unopposed motion for summary judgment be granted, and that plaintiff is entitled to the relief it requests, foreclosing its liens against Krute's three parcels of real property in Siskiyou County.

## II. DECLARATIONS OF PLAINTIFF

1. Krute has lived on one or more parcels of this real property since June of 1976. In the autumn of 2007, Krute entered into a verbal agreement with the Internal Revenue Service ("IRS") to sell off two of the three pieces of property, the funds from that sale going to satisfy the monies owed to the United States for tax years 1998 and 1999, which were then calculated by IRS to come to approximately $110,000. Krute would be allowed to remain on his original 40-acre parcel, where his main home, a small cottage, and several outbuildings and storage trailers were located.

2. In late 2007, Krute's main home burned to the ground. A lifetime of books, photographs, business records, and research materials were among the items lost. Krute, who has suffered from stress-related psychological disorders since 1997, was shattered by this. Due to his poverty, he was uninsured.

3. In the spring of 2008, a buyer was found for the 140 acre property, one of the three parcels in question in this case. The sale, however, did not go through. Krute was unable, due to his psychological issues and loss of paperwork in his home fire, to provide the IRS with the unfiled tax information that their agent requested. The IRS agent would not let the sale go through without Krute fulfilling that request.

4. In the early autumn of 2009, Krute met with the IRS. It was agreed that he would again place two of the pieces of property up for sale, and would file back tax returns with the IRS.

5. In mid-autumn of 2009, the IRS agent inquired as to Krute's progress in those matters. Krute mentioned his ongoing psychological difficulties, and that it was difficult to do the paperwork parts, but the agent was not happy, and stated that he would begin preparing the paperwork to foreclose the liens on all three of Krute's properties, rendering Krute homeless. The two properties were placed on the market once more, but the paperwork requirements of the IRS were not fulfilled.

6. In early winter of 2010, the IRS agent contacted Krute, and said that he would be referring the case to the Justice Dept., and that they would be seeking to foreclose on all three of Krute's properties. He mentioned that perhaps the Justice Dept. might let Krute live on the one original 40 acre piece of property, given Krute's age and poverty, but that that was not his decision to make.

7. In early winter of 2011, the United States brought suit in this matter.

8. In conversations and papers filed, counsel for the United States, Ms. Nelson, indicated that she was not interested in any settlement of the matter, other than foreclosing on all three pieces of property.

9. Given the events of the preceding 14 years, and his psychological issues, Krute was frozen, a deer in the headlights of his own oncoming homelessness. With no money to hire counsel, he tried to focus on the already-difficult tasks of day-to-day survival.

## III. OBJECTIONS

Krute imagines that the letter of the law is fully on the side of the United States in this matter. The objection he has to the careful recommendation of the magistrate in this case is only this: that taking the property of a citizen, who has agreed for several years to offer up the only

property of value that he has, other than the one piece of that property where he has lived for 36 years, goes against the spirit of fairness and justice that is imbued in the Constitution and Laws of this remarkable nation. Due to his financial and psychological frailty, Krute is unable to offer up anything more, but prays for the improbable miracle that it shall be sufficient to warrant a full hearing of this case.

DATED: February 8, 2012

*Stanley R. Krute*

Stanley R. Krute

18617 Camp Creek Rd.

Hornbrook, CA   96044