UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>           v.<br><br>STANLEY R. KRUTE, COLETTE GELINAS COWLES, STATE OF CALIFORNIA FRANCHISE TAX BOARD, SISKIYOU COUNTY,<br><br>    Defendants. | Civil No. 10-cv-03241-KJM-CMK<br><br>ORDER OF FORECLOSURE AND JUDICIAL SALE |

    On March 7, 2012, the Court entered an Order for Judgment in favor of the United States and against Stanley R. Krute. It was ordered that Stanley R. Krute is indebted to the United States for the unpaid assessed balances on individual federal income taxes and accrued interest and penalties for tax years 1998 and 1999 in the amount of $167,487.40, plus interest pursuant to

28 U.S.C. § 1961(c) and 26 U.S.C. § 6601, 6621, and other accruals as allowed by law until paid in full.

It was further ordered that the United States has valid federal tax liens on three properties, ("the subject properties") and that the federal tax liens on the subject properties can be enforced and the property sold pursuant to 28 U.S.C. § 2001.

Pursuant to that order,

**IT IS HEREBY ORDERED** that the United States' federal tax liens be **FORECLOSED** on the following three parcels of real property:

Subject Property A:   Real property located at 18617 Camp Creek Road, Hornbrook, California is situated in the County of Siskiyou, State of California, legally described as follows:

Lot 33, according to the Parcel Map Survey for Mr. Jack Nathan and Mr. Joe Gorrono of a portion of Township 48 North, Range 5 West, M.D.M., filed July 21, 1970 in Parcel Map Book 1, pages 37 through 39 inclusive, Siskiyou County Recorder's Office.  APN: 041-010-320

Subject Property B:   Real property in the Unincorporated Area situated in the County of Siskiyou, State of California, legally described as follows:

The Northwest quarter of Section 28, Township 48 North, Range 5 West, M.D.M.  Excepting therefrom the East half of the Northeast quarter of the Northwest quarter of Section 28.  Together with a non-exclusive 60 foot wide road and utilities right of way over the road as shown on the Parcel Map on file in the Siskiyou County Recorder's Office in Parcel Map Book 1, pages 37 through 39. APN: 041-040-040.

| | | |
|---|---|---|
| 1 | Subject Property C: | Real property in the Unincorporated Area situated in the County of |
| 2 | | Siskiyou, State of California, legally described as follows: |

Parcel 34 according to the Parcel Map Survey for Mr. Jack Nathan and Mr. Joe Gorrono of a portion of Township 48 North, Range 5 West, M.D.M., filed July 21, 1970 in Parcel Map Book 1, pages 37 through 39 inclusive, Siskiyou County Recorder's Office.  APN: 041-010-330.

(Collectively referred to hereinafter as "the Subject Properties.")

**IT IS FURTHER ORDERED** that **JUDICIAL SALE** of the Subject Properties, shall be conducted as follows:

1. The United States Marshal for the Eastern District of California, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is hereby authorized and directed under  26 U.S.C. § 7403 and 28 U.S.C. § 2001, *et seq*. to offer for public sale and to sell the Subject Properties, free and clear of the right, title and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sale under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sale as set forth in this Order.  The Subject Properties may be offered for sale separately or in groupings, at the discretion of the United States Marshal or PALS representative.  However, all Properties may be auctioned and sold at the same public sale, even if sold separately.  This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

2. The United States Marshal, his or her representative, or a PALS representative is hereby authorized to have free access to the subject properties and to take all actions necessary to preserve said property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Subject Properties is delivered to the ultimate purchaser(s).

3. The terms and conditions of the sale(s) are as follows:

    A. The sale(s) of the Subject Properties shall be free and clear of the interests of: the United States and Defendants Stanley R. Krute; Collette Gelinas Clowes; the State of California Franchise Tax Board; and Siskiyou County.

    B. Except as otherwise stated herein, the sale(s) of the Subject Properties shall be by public auction to the highest bidder;

    C. The sale(s) shall be subject to all building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Subject Properties, and easements and restrictions of record, if any;

    D. The sale(s) shall be held at the courthouse of the county or city in which the Subject Properties are located, on the premises of the Subject Properties or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative;

E. Notice of the sale(s) shall be published once a week for at least four consecutive weeks before the date fixed for the sale(s) in at least one newspaper regularly issued and of general circulation in Siskiyou County, California, and, at the discretion of the Marshal, his or her representative, or a PALS, by any other notice deemed appropriate. **State law notice requirements for foreclosures or execution sales do not apply to this sale under federal law.** The notice(s) shall contain a description of the Subject Properties to be sold, and the terms and conditions of sale as set forth in this Order of Foreclosure and Judicial Sale;

F. The minimum bid(s) for the sale(s) will be set by the Internal Revenue Service. If the minimum bid for a Property or grouping of Properties is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions as set forth in this Court's Order, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

G. The successful bidder(s) at the sale(s) shall be required to deposit at the time of the sale(s) with the Marshal, his or her representative, or a PALS representative, a minimum of ten percent (10%) of the bid for the applicable Property or grouping of Properties, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of California.

    Before being permitted to bid at the sale(s), bidders shall be required to display to the Marshal, his or her representative, or a PALS proof that they are able to comply with this requirement.  No bids shall be received from any person(s) who has not presented proof that, if they are the successful bidders(s), they can make the deposit required by this Order;

H. The balance of the purchase price for each Property or grouping of Properties is to be paid to the United States Marshall, his or her representative, or a PALS representative (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted, by a certified or cashier's check, payable to the United States District Court for the Eastern District of California.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied according to the Order on Stipulation of Lien Priority, Dkt. No. 25.  The applicable Property or grouping of Properties shall be again offered for sale under the terms and conditions of this Court's Order.  The United States may bid as a credit against its judgment without tender of cash;

I. The sale(s) of the subject properties shall be subject to confirmation by the Court.  The United States shall file a Report of Sale with the Court for each Property or grouping of Properties sold, together with a proposed Order of Confirmation of Sale and Distribution of Sales Proceeds within

                thirty-five (35) days from the date of receipt of the balance of the purchase price;

J.      Upon confirmation of the sale, the Marshal, his or her representative, or PALS shall execute and deliver Deed(s) of Judicial Sale conveying the appropriate Properties to the purchaser;

K.     Upon confirmation of the sale, all interests in, liens against, or claims to, the Subject Properties that are held or asserted by all parties to this action shall be discharged and extinguished;

L.      Upon confirmation of the sale, the Recorder of Deeds for Siskiyou County, California shall cause transfer of the Subject Properties to be reflected upon that County's register of title; and

M.    The sale is ordered pursuant to 28 U.S.C. §2001, and is made without right of redemption.

    4.  Until the Subject Properties are sold, defendant Stanley R. Krute, along with any party that may claim possession of the Subject Properties, shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, exhausting reasonable steps to procure and maintain a fire and casualty insurance policy on the property. They shall neither commit waste against the Subject Properties nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Subject Properties nor cause or permit anyone else to do so.  Stanley Krute shall not record any instruments, publish

any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Properties or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of court and punishable as such.**

5. All persons occupying the Subject Properties shall leave and vacate the property permanently within thirty (30) days from the date of entry of this Order of Foreclosure and Judicial Sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property).  If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, the Marshal's designee, or local law enforcement officers, shall be authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the Subject Properties by the time specified herein, the personal property remaining on the property thereafter shall be deemed forfeited and abandoned, and the United States Marshal's Office or the Marshal's designee shall be authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale shall be applied first to the expenses of sale, with the balance to be paid into the Court for further distribution.

6. The proceeds arising from the sale(s) of the Subject Properties shall be paid to the Clerk of this Court and applied as far as they are sufficient, according to the terms of this Court's

Order of Distribution of Sales Proceeds, which shall be determined at the time of sale confirmation.

**Date:  11/16/2012**

                                                                                     _____
                                                                                     **CRAIG M. KELLISON**
                                                                                     UNITED STATES MAGISTRATE JUDGE